# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

DESMOND MOORE,

        Plaintiff,                       Case Number: 06-CV-10929

v.                                           HON. LAWRENCE P. ZATKOFF

MARY A. WILSON, ET AL.,

        Defendants.
_____/

## ORDER OF SUMMARY DISMISSAL WITHOUT PREJUDICE

Plaintiff Desmond Moore, a state inmate currently incarcerated at the Cooper Street Correctional Facility in Jackson, Michigan, has filed a *pro se* civil rights complaint, pursuant to 42 U.S.C. § 1983. Plaintiff is proceeding without prepayment of the filing fee in this action under 28 U.S.C. § 1915(a)(1). The complaint shall be dismissed because Plaintiff failed to exhaust his administrative remedies as required by 42 U.S.C. § 1997e(a).

In his complaint, Plaintiff alleges that defendants have failed to provide him with adequate medical care. The Prison Litigation Reform Act ("PLRA"), Pub.L.No. 104-34, 110 Stat. 1321 (1996), 42 U.S.C. § 1997e, requires a prisoner to exhaust his administrative remedies prior to filing an action regarding prison conditions pursuant to 42 U.S.C. § 1983. Section 1997e states, in pertinent part:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a).

The Sixth Circuit Court of Appeals has held that, to comply with the requirements of § 1997e(a), a prisoner must:

> [P]lead his claims with specificity and show that they have been exhausted by attaching a copy of the applicable administrative dispositions to the complaint or, in the absence of written documentation, describe with specificity the administrative proceeding and its outcome.

Knuckles El v. Toombs, 215 F.3d 640, 642 (6th Cir. 2000).

In Plaintiff's complaint, he states that he filed a Step I grievance regarding the matters raised in his complaint, but did not file Step II and III grievances. Additional Steps in the grievance system are available to Plaintiff. *See* Michigan Department of Corrections (MDOC) Policy Directive 03.02.130. Plaintiff, therefore, has failed to exhaust his administrative remedies.

Accordingly, **IT IS ORDERED** that the complaint is **DISMISSED WITHOUT PREJUDICE**, pursuant to 42 U.S.C. § 1997e(a), for failure to exhaust administrative remedies.

s/Lawrence P. Zatkoff
LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

Dated: April 5, 2006

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on April 5, 2006.

s/Marie E. Verlinde
Case Manager
(810) 984-3290